IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETROFF TRUCKING COMPANY, INC., )
)
        Plaintiff, )
)
vs. ) CIVIL NO. 11-241-GPM
)
ILLINOIS DEPARTMENT OF )
TRANSPORTATION and JIM LAYDEN, )
)
        Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. BACKGROUND

Plaintiff Petroff Trucking Company, Inc. ("Petroff"), brings this action alleging that Defendants Illinois Department of Transportation ("IDOT") and Jim Layden, an IDOT employee, wrongfully have denied Petroff the status of a disadvantaged business enterprise ("DBE"), that is, a minority-owned and -operated business that thus is entitled to certain privileges in bidding for IDOT contracts. *See generally Northern Contracting, Inc. v. Illinois*, No. 00 C 4515, 2004 WL 422704 (N.D. Ill. Mar. 3, 2004). In Count I of Petroff's complaint, Petroff seeks a declaratory judgment that Petroff is a DBE within the meaning of IDOT regulations. In Count II of Petroff's complaint, Petroff brings a claim against Layden in his individual capacity under 42 U.S.C. § 1983, alleging that Layden has violated Petroff's right of equal protection of the laws under the Fourteenth Amendment to the United States Constitution by refusing to certify Petroff as a DBE. In Count III of Petroff's complaint, Petroff asserts a Section 1983 claim against Layden in his official capacity for allegedly violating Petroff's equal protection rights by refusing to certify Petroff as a

DBE. Petroff filed this action originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and the case has been removed to this Court by IDOT and Layden, who allege federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Petroff's Section 1983 claims; Count I of Petroff's complaint is within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Currently, this matter is before the Court on a motion for summary judgment brought by IDOT and Layden (Doc. 6). In their initial motion for summary judgment, IDOT and Layden sought dismissal of Petroff's claims on grounds of lack of standing, claiming that Petroff has never been denied certification as a DBE. In its brief in response to the sumary judgment motion, Petroff produced evidence that in 1991 it was denied certification as a DBE by IDOT. *See* Doc. 9, Doc. 9-1. In their reply brief in support of their motion for summary judgment, IDOT and Layden explained that IDOT maintains records concerning applications for DBE status for only ten years and thus were unaware that in 1991 IDOT had denied Petroff certification as a DBE until Petroff called their attention to this fact in Petroff's response to their summary judgment motion. *See* Doc. 12. In their reply brief in support of their summary judgment motion, IDOT and Layden argued further that the evidence submitted to the Court by Petroff proving that in 1991 IDOT refused to certify Petroff as a DBE shows that Petroff's claims under 42 U.S.C. § 1983 are barred by the applicable statute of limitations. *See id*. The Court then afforded Petroff an opportunity to file a brief addressing the issue of whether Petroff's Section 1983 claims are time-barred. *See* Doc. 26. Petroff elected not to file a brief addressing the statute of limitations. Having considered carefully the motion for summary judgment brought by IDOT and Layden, Petroff's response and its supporting documentation, and Defendants' reply brief, the Court now rules as follows.

## II. ANALYSIS

As an initial matter, the Court notes the standard under which it must evaluate a motion for summary judgment. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, generally at any time until thirty days after the close of discovery in a case, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The rule provides further that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Id*. Under Rule 56, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the . . . presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(A)-(B). The rule provides also that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). With respect to affidavits and declarations, the rule provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In responding to a summary judgment motion, the non-moving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of some alleged factual dispute between the parties or by

some metaphysical doubt as to the material facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 252; *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). In considering a summary judgment motion, a court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011); *Morfin v. City of E. Chicago*, 349 F.3d 989, 999 (7th Cir. 2003). In evaluating a motion for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)) (brackets omitted). With the foregoing standard in mind, the Court turns to consideration of the instant summary judgment motion.

To the extent that Petroff seeks compensatory damages against IDOT or against Layden in his official capacity, the Court notes that any such claim must fail. "[T]he Eleventh Amendment prohibits a suit in federal court 'in which the State or one of its agencies or departments is named as the defendant.'" *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). *See also Keri v. Board of Trs. of Purdue Univ.*, 458 F.3d 620, 641 (7th Cir. 2006); *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997). IDOT, as an agency of the State of Illinois, enjoys immunity from suit in federal

court. *See Midwest Fence Corp. v. United States Dep't of Transp.*, No. 10 C 5627, 2011 WL 2551179, at *13 (N.D. Ill. June 27, 2011) (citing *Kroll v. Board of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991)); *McGee v. IDOT*, No. 02 C 0277, 2002 WL 31478261, at *3 (N.D. Ill. Nov. 5, 2002). A state may waive Eleventh Amendment immunity. *See Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147, 149-50 (1981); *MCI Telecomms. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000). However, Illinois has waived its sovereign immunity only to the extent of authorizing itself to be sued in the Illinois Court of Claims. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (citing 705 ILCS 505/8(d)); *Williamson Towing Co. v. Illinois*, 534 F.2d 758, 759-60 (7th Cir. 1976).

Additionally, with respect to 42 U.S.C. § 1983, under which Count II and Count III of Petroff's complaint are brought, that statute provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. In general, "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983[.]" *Johnson v. Illinois Supreme Court*, 165 F.3d 1140, 1141 (7th Cir. 1999). Also, while it is the case that Congress can abrogate state sovereign immunity, Section 1983 does not abrogate the Eleventh Amendment immunity of a state and its agencies from suit in federal court. *See Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Meadows v. Indiana*, 854 F.2d 1068, 1070 n.3 (7th Cir. 1988). Claims against state employees in their official capacities are deemed, of course, to be claims against a state for Eleventh Amendment purposes. *See Kentucky v. Graham*, 473 U.S.

159, 165-66 (1985) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 969 (7th Cir. 1994). Similarly, state employees sued in their official capacities, are not "persons" within the meaning of Section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Ryan v. Illinois Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999); *Duncan v. Wisconsin Dep't of Health & Family Servs.*, 166 F.3d 930, 934-35 (7th Cir. 1999). Accordingly, any claim by Petroff for damages against IDOT or against Layden in his official capacity will be dismissed.

However, the Eleventh Amendment does not preclude a suit for prospective relief against a state, its agencies, and state employees sued in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 663-64 (1974); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ameritech Corp. v. McCann*, 297 F.3d 582, 585-86 (7th Cir. 2002); *Luder v. Endicott*, 253 F.3d 1020, 1024-25 (7th Cir. 2001). Nor does the Eleventh Amendment preclude suits for damages in federal court against state employees sued in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 26-27 (1991); *Papasan v. Allain*, 478 U.S. 265, 278 n.11 (1986); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992); *Patterson v. Koerner*, No. 03 C 0636, 2004 WL 406979, at *2 (N.D. Ill. Feb. 6, 2004). Finally, for purposes of claims for equitable relief, state employees sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Graham*, 473 U.S. at 167 n.14) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"). Thus, the Court turns to the principal issue presented by this case: whether Petroff's Section 1983 claims are time-barred. An action under Section 1983

provides a remedy for violations of a person's constitutional rights by persons acting under color of state law. *See* 42 U.S.C. § 1983; *Greco v. Guss*, 775 F.2d 161, 164 (7th Cir. 1985). In this instance, as noted, Petroff alleges that IDOT and Layden have violated the Fourteenth Amendment, which provides, in relevant part, that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Claims under Section 1983 that arise in Illinois are governed by the two-year statute of limitations set out in 735 ILCS 5/13-202. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998); *Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989); *Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *3 (S.D. Ill. Feb. 5, 2007). However, accrual of Section 1983 claims is governed by federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 596 (7th Cir. 2001).

As a general rule, a claim under 42 U.S.C. § 1983 accrues at the point "when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). *See also Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999) ("Under federal law, the time [for bringing a claim] begins to run when the plaintiff knows that he has been injured."); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994) (stating that a Section 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action"). Thus, the statute of limitations begins to run when a person has "knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed[.]" *LaSalle v. Medco Research, Inc.*, 54 F.3d 443, 446 (7th Cir. 1995). *See also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002) ("[T]he statute [of

limitations] begins to run once a plaintiff has knowledge which would lead a reasonable person to investigate the possibility that her legal rights had been infringed."). In the context of a Section 1983 claim, the United States Court of Appeals for the Seventh Circuit has held that "[i]t does not matter whether the plaintiff knows the injury is actionable – he need only know that he has been injured." *Fayoade v. Spratte*, 284 Fed. Appx. 345, 347 (7th Cir. 2008) (citing *Central States, Se. & Sw. Areas Pension Fund v. Navco*, 3 F.3d 167, 171 (7th Cir. 1993), *abrogated on other grounds by Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192 (1997)). In other words, the "claim accrues even though [the] victim does not know he is legally entitled to recover." *Id*. (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004)). *See also Kovacs v. United States*, 614 F.3d 666, 674 (7th Cir. 2010) (quoting *Fayoade*, 284 Fed. Appx. at 347) (for purposes of accrual of a claim under the statute of limitations, "[i]t does not matter whether the plaintiff knows the injury is actionable – he need only know that he has been injured."); *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) (stating that a federal claim "accrues when the plaintiff knows both the existence and cause of his injury" and that a claim does not accrue "at a later time when [the plaintiff] also knows that the acts inflicting the injury may constitute [a legal claim]."); *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1465 (7th Cir. 1992) (noting, for purposes of accrual of a claim such as to set in motion the running of a statute of limitations, the "important distinction between discovery of an *injury* and discovery of a *cause of action*") (emphasis in original); *Green v. United States*, 765 F.2d 105, 107 (7th Cir. 1985) (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)) (claims against federal employees for medical malpractice "accrue when a plaintiff has discovered his injury and its probable cause even though he may be ignorant of his legal rights").

In this case it is clear from the evidence submitted to the Court by Petroff that the company was on notice of all of the elements of its equal protection claim based on denial of DBE status by IDOT in 1991, well over two years before this action was filed. Accordingly, Petroff's claims under 42 U.S.C. § 1983 will be dismissed. Having concluded that Petroff's federal claims must be dismissed, the Court turns to the question of whether it should exercise supplemental jurisdiction over Count I of Petroff's complaint, the basis for the Court's subject matter jurisdiction as to which, as noted, is 28 U.S.C. § 1367. Under that statute, the jurisdiction of the federal district courts is extended to all claims that are so related to a claim within a court's original jurisdiction that they form part of the same case or controversy within the meaning of Article III of the Constitution. *See* 28 U.S.C. § 1367(a). Although Section 1367(a) authorizes federal courts to exercise supplemental jurisdiction over state-law claims, the statute does not require federal courts to do so and instead supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right[.]" *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 172 (1997). Correspondingly, Section 1367 enumerates a number of situations in which a federal court may decline to exercise supplemental jurisdiction, including a case in which the court "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). *See also Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998). In the usual case, when all of the federal claims in a case have been dismissed, a court will decline to exercise jurisdiction over any supplemental state-law claims in the case: "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). *See also Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *5 (S.D. Ill. June 15, 2007)

(quoting *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546 (7th Cir. 1996)) ("The general rule, when the federal claims fall out before trial, is that the judge should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters purely of state law."). The decision to exercise or to decline to exercise supplemental jurisdiction once all of the claims in a case furnishing original federal subject matter jurisdiction have dropped out before trial is committed to a court's discretion. *See Sharp Elecs. Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009); *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007); *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).

In determining whether to exercise supplemental jurisdiction over Petroff's state-law claim, the Court must consider the factors of judicial economy, convenience, fairness, and comity. *See Hansen v. Board of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008); *Horwitz v. Board of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 617 (7th Cir. 2001); *Rothman v. Emory Univ.*, 123 F.3d 446, 454 (7th Cir. 1997). The Court finds that the relevant factors do not favor the exercise of supplemental jurisdiction. Concerning judicial economy, this case has not been pending long in this Court, nor has the Court been required to devote substantial resources to the case. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (quoting *Rosado v. Wyman*, 397 U.S. 397, 405 (1970)) (noting that judicial economy favors retention of supplemental state-law claims following dismissal of all federal claims in a case only when the exercise of jurisdiction furthers the "commonsense policy of [supplemental] jurisdiction – the conservation of judicial energy and the avoidance of multiplicity of litigation"). With respect to convenience, generally this factor weighs in favor of the exercise of supplemental jurisdiction only when, under the so-called "no brainer" exception to the general rule that a court should decline to exercise jurisdiction over

pendent state-law claims after all federal claims furnishing original jurisdiction over a case have been dismissed before trial, the pendent claims are patently frivolous and it is clear how they must be decided. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). In such cases, "[i]f . . . an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case." *Id*. In this case Petroff's state-law claim does not appear to be patently frivolous, nor is it absolutely clear to the Court how that claim should be decided. Thus, the factor of convenience does not favor the retention of jurisdiction in this case. Finally, fairness and comity are not served by this Court's retention of jurisdiction. As the Seventh Circuit Court of Appeals has instructed, "[n]ormally, if the federal issues fall out of a case before trial, [sending] the state issues to . . . state court will not result in duplicate trials and the anomaly of having a federal court deciding a pure state case becomes the dominant consideration." *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1346 (7th Cir. 1986). The Court sees no reason why the issues of state law presented by Count I of Petroff's complaint should be decided in federal court rather than in state court.

In sum, this case presents no circumstances warranting a departure from the familiar rule that "[a] decision to relinquish pendent jurisdiction before the federal claims have been tried is . . . the norm, not the exception[.]" *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (quoting *Disher v. Information Res., Inc.*, 873 F.2d 136, 140 (7th Cir. 1989)). Accordingly, consistent with the preferred practice in dealing with supplemental state-law claims over which a court has declined to exercise jurisdiction in a removed case, the Court will dismiss Count II and Count III of Petroff's complaint, but remand Count I of Petroff's complaint to the state court from which this case was

removed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Decatur Mem'l Hosp. v. Connecticut Gen. Life Ins. Co.*, 990 F.2d 925, 928 (7th Cir. 1993); *Graf*, 790 F.2d at 1346; *Moore v. City of Chicago*, No. 05 C 5868, 2008 WL 516338, at *5 (N.D. Ill. Feb. 20, 2008); *Baron v. Frederickson*, 419 F. Supp. 2d 1056, 1064 (W.D. Wis. 2006). It makes little sense to require Petroff to file a new suit on its state-law claim, where remand would allow Petroff to proceed promptly on the claim in state court without the necessity of filing a new suit, paying a new filing fee, and so forth. Therefore, the Court will remand Count I of Petroff's complaint to state court.

### III. CONCLUSION

The motion for summary judgment brought by IDOT and Layden (Doc. 6) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Count II and Count III of Petroff's complaint, and Count II and Count III of the complaint are **DISMISSED with prejudice**. The motion is **DENIED** as to Count I of Petroff's complaint, and Count I of the complaint is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for all further proceedings.

**IT IS SO ORDERED.**

DATED: December 2, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge